Cruz v Cruz (2023 NY Slip Op 00841)

Cruz v Cruz

2023 NY Slip Op 00841

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05179
 (Index No. 511513/18)

[*1]Daniel Cruz, appellant, 
v
Gloria Cruz, respondent.

Bardizbanian & Associates, P.C., Richmond Hill, NY (Nazareth Markarian of counsel), for appellant.
Elliott Scheinberg, New City, NY, for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract and for the partition and sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Rachel A. Adams, J.), dated May 29, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant were married in May 1974. During their marriage, they purchased a marital residence (hereinafter the property), as husband and wife as tenants by the entirety. In May 2013, the plaintiff commenced an action for a divorce and ancillary relief, wherein he, inter alia, made a claim for 50% of the value of the property. In September 2017, the parties settled the action and entered into a so-ordered stipulation of settlement (hereinafter the stipulation). The parties were allocuted on the record on the stipulation, and the plaintiff swore under oath that all ancillary issues were resolved. The stipulation provided that the matter was being resolved, among other things, by the defendant's payment of a lump sum to the plaintiff by a certain date in satisfaction of "all claims for equitable distribution and property distribution, as well as spousal maintenance, & counsel fees," and that the lump sum payment constituted "a non-taxable property settlement as a distributive award of equitable distribution." The stipulation was incorporated by reference, but not merged, into the parties' judgment of divorce dated May 14, 2018.
In June 2018, the plaintiff commenced this action to recover damages for breach of the stipulation and for the partition and sale of the property. The defendant joined issue and asserted
several affirmative defenses. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint. In an order dated May 29, 2020, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the cause of action for the partition and sale of the property. "Partition is an equitable remedy in nature and Supreme Court has the authority to adjust the rights of the parties so each receives his or her proper share of the property and its benefits" (Brady v Varrone, 65 AD3d 600, 602 [internal quotation marks omitted]; see Ripp v Ripp, 38 AD2d 65, 68). "The right to seek partition however, is not absolute and may be precluded where the equities so demand" (Manganiello v Lipman, 74 AD3d at 668; see Stressler v Stressler, 193 AD2d 728, 728; Ripp v Ripp, 38 AD2d at 68). "'As the equities of the co-tenants may arise from a great variety of circumstances, it follows that the assertion of these equities necessarily introduces into partition suits a great variety of issues'" (Ripp v Ripp, 38 AD2d at 68, quoting Moses v Moses, 170 AD 211, 217-218). Here, [*2]although the parties' tenancy in the entirety was automatically converted into a tenancy in common by the judgment of divorce, since it is undisputed that the stipulation was made in satisfaction of all claims of equitable distribution and property distribution and that it resolved all issues of equitable distribution, thus, including the plaintiff's asserted claim to 50% of the value of the property, the plaintiff failed to meet his burden to establish, prima facie, that the equities between the parties warrant the remedy of partition (cf. Manganiello v Lipman, 74 AD3d 667; Ehrgott v Buzerak, 49 AD3d 681).
The Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover damages for breach of contract. The essential elements of a cause of action to recover damages for breach of contract are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Klein v Signature Bank, Inc., 204 AD3d 892, 895 [internal quotation marks omitted]). "Implicit in every contract is an implied covenant of good faith and fair dealing" (Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976; see Grad v Roberts, 14 NY2d 70, 75). "This covenant encompasses any promises which a reasonable person in the position of the promisee would be justified in understanding were included" (Donaldson Interiors, Inc. v F.J. Sciame Constr. Co., Inc., 188 AD3d 816, 818 [internal quotation marks omitted]). Here, contrary to the plaintiff's contention, the court properly determined that he failed "to meet the legal threshold mandating his own performance under the contract under circumstances that raise the specter of bad faith," inasmuch as it is undisputed that his name continues to be on the title of the property notwithstanding that his claim to an interest in the property was settled in the context of the divorce action.
The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court