Giannakopoulos v Figame Realty Mgt. (2023 NY Slip Op 04364)

Giannakopoulos v Figame Realty Mgt.

2023 NY Slip Op 04364

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-05895
2021-08615
2022-01809
 (Index No. 700596/19)

[*1]Stephanos Giannakopoulos, et al., respondents,
v
Figame Realty Management, et al., appellants.

Rabinowitz, Galina & Rosen, Mineola, NY (Michael M. Rabinowitz and Gayle Rosen of counsel), for appellants.
Getler, Gomes & Sutton, P.C., Suffern, NY (Janine A. Getler of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered July 15, 2021, (2) a decision of the same court entered November 17, 2021, and (3) a judgment of the same court entered March 8, 2022. The order entered July 15, 2021, insofar as appealed from, in effect, granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability and for an award of an attorney's fee. The judgment, upon the decision, is in favor of the plaintiffs and against the defendants in the principal sum of $34,963.16, including an attorney's fee in the sum of $19,508.16.
ORDERED that the appeals from the order and the decision are dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiffs an attorney's fee in the sum of $19,508.16; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the plaintiffs' motion which was for an award of an attorney's fee is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment.
In 2017, the plaintiffs and the defendants, neighboring property owners, entered into a license agreement (hereinafter the license). The license provided, among other things, that the defendants were permitted to enter the plaintiffs' property to conduct certain work related to construction on the defendants' property. The plaintiffs subsequently commenced this action, inter alia, to recover damages for breach of contract. The plaintiffs moved, among other things, for summary judgment on the issue of liability and an award of an attorney's fee. In an order entered July 15, 2021, the Supreme Court, inter alia, in effect, granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability and for an award of an attorney's fee, and directed an inquest. Following the inquest, in a decision entered November 17, 2021, the court determined that judgment should be entered in favor of the plaintiffs and against the defendants [*2]in the principal sum of $34,963.16, including an attorney's fee in the sum of $19,508.16. Subsequently, judgment was entered in favor of the plaintiffs and against the defendants in these sums. The defendants appeal from the order, the decision, and the judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The appeal from the decision is dismissed on the ground that no appeal lies from a decision (see Schicchi v J.A. Green Constr. Co., 100 AD2d 509).
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Cruz v Cruz, 213 AD3d 805, 807 [internal quotation marks omitted]). Here, the Supreme Court correctly, in effect, granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability. The plaintiffs established, prima facie, that the defendants breached the provisions of the license requiring the defendants to pay for the known damage that the defendants had caused before the parties entered into the license, to repair the plaintiffs' exterior wall, and to pay the plaintiffs' costs to have contractors repair the damage caused by demolition work. In opposition, the defendants failed to raise a triable issue of fact. In particular, a letter from an engineer on which the defendants relied was speculative and insufficient to raise triable issues of fact regarding the plaintiffs' allegations that, as a result of the defendant's actions, there was continued water infiltration which was causing water damage and mold. Accordingly, the plaintiffs were entitled to summary judgment on the issue of liability.
"Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491). "It is not uncommon, however, for parties to a contract to include a promise by one party to hold the other harmless for a particular loss or damage and counsel fees are but another form of damage which may be indemnified in this way" (id. at 491). "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (id.). "The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (id. at 491-492). "Inasmuch as a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise" (id. at 492).
Here, the license did not provide for attorney's fees for the instant litigation. Neither of the paragraphs in the license regarding attorney's fees provided for attorney's fees in litigation between the parties over alleged breaches of the license. Because the parties did not make "unmistakably clear" in the license that they intended to depart from the general rule that the losing party is not responsible for the winning party's attorney's fees, the Supreme Court erred in granting that branch of the plaintiffs' motion which was for an award of attorney's fees (id.).
In light of the foregoing, we need not reach the defendants' contention that the amount of attorney's fees awarded was unreasonable. The defendants' remaining contentions are without merit.
Accordingly, we modify the judgment by deleting the provision thereof awarding the plaintiffs an attorney's fee in the sum of $19,508.16, deny that branch of the plaintiffs' motion which was for an award of an attorney's fee, and remit the matter to the Supreme Court, Queens County, for the entry of an appropriate amended judgment.
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court