## Fundfi Merchant Funding, LLC v Atlantic Roofing Solutions LLC

2024 NY Slip Op 30910(U)

March 19, 2024

Supreme Court, Kings County

Docket Number: Index No. 536050/2023

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 19th day of March 2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------X

FUNDFI MERCHANT FUNDING, LLC,

Plaintiff,

-against-

ATLANTIC ROOFING SOLUTIONS LLC and
CHRISTOPHER ROY SHEPPERD,

Defendants.

-----------------------------------------------------------------X

**DECISION & ORDER**

Index No. 536050/2023

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed by plaintiff Fundfi Merchant Funding, LLC., (hereinafter FMF or plaintiff) on January 16, 2024, under motion sequence one for an order pursuant to CPLR 3212 granting summary judgment in its favor on the issue of liability on the claims asserted against defendant Atlantic Roofing Solutions LLC (hereinafter the corporate defendant) and Christopher Roy Sheppard (hereinafter the guarantor) (collectively as defendants).

-Notice of Motion
-Affirmation in Support
-Affidavit in Support
       Exhibits 1 through 6
-Statement of Material Facts
-Memorandum of law in support

**BACKGROUND**

On December 11, 2023, FMF commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On January 3,

[* 1]

2024, the defendants joined issue by interposing and filing a joint verified answer with the KCCO. The complaint alleges thirteen allegations of fact in support of two causes of action, namely, breach of contract and breach of a personal guaranty agreement.

The verified complaint alleges the following salient facts, among others. On June 16, 2023, plaintiff and defendants entered into an agreement (hereinafter the agreement) whereby plaintiff agreed to purchase the company defendant's future receivables in the amount of $119,280.00 for the purchase price of $84,000.00.

The defendants agreed that in the event of its default under the agreement, such as the one alleged herein, the full uncollected receivables plus all fees due under the agreement (because of the default) would become immediately due and payable in full to the plaintiff.

On or about October 27, 2023, Atlantic Roofing Solutions LLC, materially breached the terms of the agreement by causing the receivables to be deposited into a separate account not designated in the agreement, blocked the payment due to plaintiff so that plaintiff could not collect the amount of receivables due, and/or prevented plaintiff from collecting the amount due to non-sufficient funds or otherwise failed to pay and/or prevented plaintiff from collecting the amount due pursuant to the payment schedule in the agreement and thereby defaulted under its terms, or otherwise violated a material term of the agreement which constituted an event of default thereunder. Based upon the foregoing and after accounting for payments made and applicable fees, Atlantic Roofing Solutions LLC owes plaintiff a balance in the amount of $60,347.00.

[* 2]

In addition, guarantor agreed to guarantee all amounts owed to plaintiff from company defendant upon a breach in performance by company defendant.

The corporate defendant and the guarantor have failed to pay the amounts due and owing under the agreement. There remains a balance due and owing to plaintiff on the agreement in the amount of $60,347.00 plus interest, costs, disbursements, and attorney's fees.

## LAW AND APPLICATION

There is no opposition to the instant motion. However, "[a] summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, (i.e., 'defaulted')" (*Liberty Taxi Mgt., Inc. v Gincherman*, 32 AD3d 276, 278 n [1st Dept 2006], citing *Vermont Teddy Bear Co., v 1-800 Beargram Co.*, 373 F3d 241, 244 [2d Cir 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the ... court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; *see Cugini v System Lumber Co., Inc.*, 111 AD2d 114, 115 [1st Dept 1985]).

It is well established that summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 32 AD3d 276 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form

[* 3]

demonstrating the absence of any material issues of fact (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez*, 68 NY2d at 324).

Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all the evidence must be viewed in the light most favorable to the opponent of the motion (*Marine Midland Bank v Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610 [2d Dept 1990]).

The essential elements of a cause of action to recover damages for breach of contract are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (*Cruz v Cruz*, 213 AD3d 805, 807 [2d Dept 2023]).

In the case at bar, the only sworn testimony submitted by FMF in support of the motion was an affirmation of David Fogel, its counsel (hereinafter Fogel), and an affidavit of Eryn Black (hereinafter Black). Fogel's affirmation contends that the facts in support of the motion are contained in the affidavit of Black.

[*4]

Fogel's affirmation demonstrates no personal knowledge of any of the transactional facts alleged in the complaint. "An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance" (*Nerayoff v Khorshad*, 168 AD3d 866, 867 [2d Dept 2019], citing *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2d Dept 2006]).

Black's affidavit is used to authenticate the agreement which was allegedly breached by the defendants. Black averred that he is the operation manager for FMF and, as such, has personal knowledge of its business practices and procedures. He further averred that the factual allegations proffered in support of the motion for summary judgment are derived from his review of the plaintiff's business records.

It is noted that Black did not aver that he was a signatory to the agreement or that he participated in the execution of same. Furthermore, the document submitted in support of the amount FMF purportedly provided to the defendant is less than the agreed upon purchase price of $84,000.00. The lesser amount of $79,750.00 was unsupported. This fact alone raises material issues of fact regarding the plaintiff's performance under the agreement.

Black referred to the documents attached to the motion, namely, the agreement and two other documents denominated as proof of funding and a payment history. Black averred that the payment history, annexed as exhibit 6 to his affidavit, provided proof of

[*5]

the defendants' default.[1] Black averred that on or about October 27, 2023, FMF received from its bank a return code indicating that defendant's payment, which was made by ACH debit that is initiated by plaintiff, failed because plaintiff's access and ability to make the ACH debit was restricted due to unrelated legal action (R16).[2] Black contended that this constituted a default under the agreement. The bank record of FMF which purportedly reflected a code (R16) and a restriction by the defendants was not annexed to the motion.

"A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (*Citibank, N.A. v Cabrera*, 130 AD3d 861, 861 [2d Dept 2015]). Generally, "the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (*Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 209 [2d Dept 2019] quoting *Standard Textile Co. v National Equip. Rental*, 80 Ad2d 911, 911 [1981]). "However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (*Bank of N.Y. Mellon*, 171 Ad3d at 209).

---

[1] Black described exhibit 6 as plaintiff's report of defendant's account, which is received directly from the plaintiff's automated clearinghouse ACH processor and was recorded electronically in plaintiff's computer software and maintained in the ordinary course of plaintiff's business, but it is not clear if this was or was not actually part of the plaintiff's business record.

[2] Black does not explain what R16 means, despite relying on this as evidence of default.

[* 6]

Here, the payment history under exhibit 6 is one page and is in a font so small that it is not discernable with the naked eye. The Court was able to enlarge the exhibit. After doing so, the court found that the document was not self-explanatory and that there was an insufficient foundation for its admission as a business record.[3] Furthermore, the bank record of FMF reflecting the R16 code was not annexed. "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (*Citibank, N.A. v Potente*, 210 AD3d 861, 862 [2d Dept 2022], quoting *Bank of N.Y. Mellon*, 171 Ad3d at 205). Accordingly, evidence of the contents of business records is admissible only where the records themselves are introduced. Without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay (*see Bank of N.Y. Mellon*, 171 AD3d at 198). In sum, FMF has failed to make a prima facie showing of entitlement to summary judgment on its claim that the corporate defendant breached the agreement. Consequently, FMF has failed to show that the obligation of the guarantor was ever triggered. In sum, plaintiff cannot make a prima facie showing of entitlement to judgment on its claims for breach of the agreements or of the guaranty.

**CONCLUSION**

The motion by plaintiff Fundfi Merchant Funding, LLC., for an order pursuant to CPLR 3212 granting summary judgment in its favor on the issue of liability on the claims

---

[3] R16 can be found in the enlarged document under a column labeled "Return Code," but it is not explained in the document. Additionally, to the left of the "Return Code" column is a column labeled "Return Reason" and there are no entries alongside the R16 entries.

[* 7]

asserted against defendant Atlantic Roofing Solutions LLC and Christopher Roy is denied.

A copy of this decision and order, along with notice of entry, shall be served upon defendants and filed with the Court within 20 days of entry.

The foregoing constitutes the decision and order of the Court.

ENTER:

_____

J.S.C.

HON. FRANCOIS A. RIVERA

[* 8]