**Novus Capital Funding II LLC v J & M Distrib., Inc.**

2024 NY Slip Op 31108(U)

March 28, 2024

Supreme Court, Kings County

Docket Number: Index No. 517032/2023

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of
Kings, at the Courthouse,
at Civic Center, Brooklyn,
New York, on the 28th day
of March 2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------X

NOVUS CAPITAL FUNDING II LLC,

                       Plaintiff,

              -against-

J & M DISTRIBUTING, INC. D/B/A
MEADOW GOLD DAIRY PRODUCTS,
GLASGOW CAL RIPKEN BASEBALL
MEADOW, M AND D YARD SERVICE,
and MICHAEL BRENT MEIERS,

                      Defendants.

-----------------------------------------------------------------X

**DECISION & ORDER**
Index No. 517032/2023

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on December 12, 2023, under motion sequence number one, by Novus Capital Funding II LLC (hereinafter the plaintiff) for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, breach of a guaranty agreement, and attorney's fees against J & M Distributing, Inc. D/B/A Meadow Gold Dairy Products, Glasgow Cal Ripken Baseball Meadow, M and D Yard Service, (hereinafter the company defendants) and Michael Brent Meiers (hereinafter the guarantor) (hereinafter jointly the defendants). The motion is opposed.

-Notice of Motion
-Affidavit in Support
        Exhibits A-B
-Affirmation in Support
        Exhibits A-D
-Affirmation in opposition
        Exhibits A-F
-Memorandum of law in opposition

[* 1]

1 of 5

--Memorandum of law in reply

## BACKGROUND

On June 12, 2023, plaintiff commenced the instant action by filing a summons and complaint with the Kings County Clerk's office (KCCO). On June 3, 2023, the defendants interposed and filed a joint verified answer with the KCCO.

The complaint alleges seventy-nine allegations of fact in support of three denominated causes of action. The first is for breach of contract, the second is for breach of a guaranty agreement, and the third is for attorney's fees based on an alleged breach of these agreements.

The complaint alleges the following salient facts. On March 20, 2023, the plaintiff and the defendants entered into a revenue purchase agreement (hereinafter the agreement), whereby the plaintiff purchased from the company defendants its future accounts receivable having a value of $134,910.00 for the purchase price of $90,000.00.

The company defendant, in consideration of the sum of $90,000.00 sold, assigned, and transferred to plaintiff seventeen (12%) percent of its weekly future sales proceeds, up to an aggregate amount of $134,910.00. By the agreement, Michael Brent Meiers executed a personal guarantee if the company defendants defaulted on the agreement.

Within weeks the company defendants defaulted under the agreement by failing to remit its sales proceeds to the plaintiff as provided for in the agreement. In total, the company defendants remitted the amount of $67,455.00 in accordance with the agreement, leaving a balance of $67,455.00 remaining due and owing. Contrary to the guaranty agreement Michael Brent Meiers did not guarantee the company defendants'

[* 2]

performance. Plaintiff also claims that pursuant to the agreement a non-sufficient fund fees or (NSF) in the amount of $50.00 and a default fee in the amount of $22,260.00 is also due. Plaintiff claims the total amount it is due is $89,765.15 consisting of $67,455.00 and the additional fees totaling $22,310.15.

## LAW AND APPLICATION

It is well established that summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]). If prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez*, 68 NY2d at 324).

Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all of the evidence must be viewed in the light most favorable to the opponent of the motion *(Marine Midland Bank v Dino & Artie's Automatic Transmission Co.,* 168 AD2d 610 [2d Dept 1990]).

[* 3]

In the case at bar, the only sworn testimony submitted by the plaintiff in support of the motion was an affirmation of David J. Austin, Esq., its counsel (hereinafter Austin), and an affidavit of Ekaterina Marciante, its collection manager (hereinafter Marciante). Austin's affirmation demonstrated no personal knowledge of any of the transactional facts alleged in the complaint. An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance (*Nerayoff v Khorshad*, 168 AD3d 866, 867 [2d Dept 2019], citing *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2d Dept 2006]). Austin's affirmation stated that the facts in support of the motion were contained in the affidavit of Marciante.

Marciante's affidavit alleged that the purchase price minus agreed-upon fees was paid and referred to a section of the agreement as proof of the same. Marciante, however, offered nothing to prove that any amount was actually paid. The plaintiff did not proffer a canceled check, wire transfer, or other acceptable proof that the purchase price was actually paid.

"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (*see Cruz v Cruz*, 213 AD3d 805 [2d Dept 2023], quoting *Klein v Signature Bank, Inc.*, 204 AD3d 892, 895 [2022] [internal quotation marks omitted]).

To prevail on the instant motion, it was incumbent upon the plaintiff to prove each of these elements as a matter of law. The plaintiff provided no evidence demonstrating that it performed its part of the agreement by paying the company

[* 4]

defendants the agreed-upon purchase price. Consequently, the plaintiff did not meet its burden of demonstrating as a matter of law that the defendants breached the agreement. Inasmuch as the plaintiff did not make a prima facie showing that the company defendants breached the agreement, the obligation of the guarantor was not triggered. As a result, the plaintiff also failed to show that the guarantor breached the agreement.

Inasmuch, as the plaintiff failed to demonstrate that the company defendants or the guarantor breached the agreement, the third cause of action for attorney's fees based on a breach of these agreements is also unsupported. The motion is therefore denied without regard to the sufficiency or lack of opposing papers (*Cugini v System Lbr. Co.*, 111 AD2d 114, 115 [1st Dept 1985]).

**CONCLUSION**

The branch of the motion by Novus Capital Funding II LLC for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, breach of a guaranty agreement, and attorney's fees as against defendants J & M Distributing, Inc. D/B/A Meadow Gold Dairy Products, Glasgow Cal Ripken Baseball Meadow, M and D Yard Service, and Michael Brent Meiers is denied.

The foregoing constitutes the decision and order of the Court.

ENTER:

_____

J.S.C.

**HON. FRANCOIS A. RIVERA**