**Libertas Funding, LLC v Associates of Boca Raton, Inc.**

2024 NY Slip Op 31354(U)

April 16, 2024

Supreme Court, Kings County

Docket Number: Index No. 521042/2022

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 16th day of April 2024

HONORABLE FRANCOIS A. RIVERA

--------------------------------------------------------------------X

LIBERTAS FUNDING, LLC,

**DECISION & ORDER**

Plaintiff,

Index No.: 521042/2022

-against-

Ms. 3

ASSOCIATES OF BOCA RATON, INC.,
PALM MORTGAGE, LLC,
ADVANTAGE REFERRALS, INC.,
INNELLA GROUP, INC.,
CHAD INGRAM EDGE REALTY LLC,
52 JULIET LLC,
ASSOCIATES PLUS, LLC,
JONATHAN CHADWICK INGRAM,

Defendants.

-------------------------------------------------------------------X

Recitation in accordance with CPLR 2219 (a) of the papers considered on notice of motion filed on October 27, 2023, under motion sequence number three, by Libertas Funding, LLC (hereinafter plaintiff) for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract and personal guarantee against the defendants Associates of Boca Raton, Inc., Advantage Referrals, Inc., Inella Group, Inc., Chad Ingram Edge Realty LLC, 52 Juliet LLC, Associates Plus, LLC, (hereinafter the company defendants) and Jonathan Chadwick Ingram (hereinafter the guarantor). The motion is unopposed.

-Notice of motion
-Affirmation in support
     Exhibits A-N
-Statement of material facts

## BACKGROUND

On July 22, 2022, plaintiff commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On August 8, 2022, plaintiff filed a notice of discontinuance against defendant Palm Mortgage LLC. On August 21, 2022, defendants Associates of Boca Raton, Inc., Palm Mortgage, LLC, Advantage Referrals, Inc., Inella Group, Inc., Chad Ingram Edge Realty LLC, 52 Juliet LLC, Associates Plus, LLC, and Jonathan Chadwick Ingram joined issue by interposing and filing a joint answer with the KCCO.

The verified complaint alleges thirty-two allegations of fact in support of two causes of action for breach of a contract and breach of a personal guaranty. The verified complaint alleges the following salient facts, among others. On or about October 6, 2021, plaintiff and the company defendants entered into an agreement, whereby plaintiff agreed to purchase all rights to $325,500 of company defendants' future receivables (hereinafter "agreement #1"). Plaintiff satisfied its obligation under agreement #1 by delivering to company defendants $250,000, the purchase price for said receivables.

In addition, on December 9, 2021, plaintiff and company defendants entered into an agreement, whereby plaintiff agreed to purchase all rights to $685,000 of company defendants' future receivables (hereinafter "agreement #2"). Plaintiff satisfied its obligation under agreement #2 by delivering to company defendants $500,000 the purchase price for said receivables. In addition, guarantor agreed to guarantee all amounts owed to plaintiff from company defendant upon a breach in performance by company defendants.

[* 2]

Initially, company defendant met its obligation under the agreements. However, company defendants breached the agreements and stopped delivering the purchased receivables to plaintiff. Defendants are now in default having only delivered $563,292.18 to plaintiff. Per the agreements, defendants now still have an obligation to deliver to plaintiff an additional $461,707.82, plus costs, disbursements, statutory interest from July 16, 2022, and attorney's fee. The company defendants and the guarantor have failed to pay the amounts due and owing under the agreement.

## LAW AND APPLICATION

There is no opposition to the instant motion. However, "[a] summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, (i.e., 'defaulted')" (*Liberty Taxi Mgt., Inc. v Gincherman*, 32 AD3d 276, 278 n [1st Dept 2006], citing *Vermont Teddy Bear Co., v 1-800 Beargram Co.* Inc., 373 F3d 241, 244 [2d Cir 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the ... court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; *see Cugini v System Lumber Co., Inc.*, 111 AD2d 114, 115 [1st Dept 1985]).

It is well established that summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form

Page 3 of 6

[* 3]

demonstrating the absence of any material issues of fact (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez*, 68 NY2d at 324).

Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all the evidence must be viewed in the light most favorable to the opponent of the motion (*Marine Midland Bank v Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610 [2d Dept 1990]).

The essential elements of a cause of action to recover damages for breach of contract are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (*Cruz v Cruz*, 213 AD3d 805, 807 [2d Dept 2023]).

In the case at bar, the only sworn testimony submitted by plaintiff in support of the motion was an affirmation of Avi Faskowitz, Esq., plaintiff's counsel (hereinafter Faskowitz) and an affidavit of Ricky Palacio (hereinafter Palacio). Faskowitz's affirmation did not aver personal knowledge of the plaintiff's business practices and procedures. His affirmation also demonstrated no personal knowledge of any of the

Page 4 of 6

[* 4]

transactional facts alleged in the complaint. Faskowitz's affirmation made many allegations of fact regarding the defendants alleged breach without personal knowledge of the facts alleged. "An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance" (*Nerayoff v Khorshad*, 168 AD3d 866, 867 [2d Dept 2019], citing *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2d Dept 2006]).

Palacio did not aver that he was a signatory to the agreement or that he participated in the execution of same. He averred that he was the authorized representative of the plaintiff and that, as such, that he had personal knowledge of plaintiff's business practices and procedures. He further averred that the factual allegations proffered in support of the motion for summary judgment were derived from his review of the plaintiff's business records. Palacio, however, did not identify any of the exhibits annexed to the motion. Furthermore, the documents plaintiff submitted in support of motion did not include anything proving the amount plaintiff allegedly paid for the defendants' future receivables.

By not proving that it paid the purchase price to the defendants that it had agreed to, plaintiff did not establish its own performance under the agreements. This raises material issues of fact regarding the plaintiff's performance under the agreements. Consequently, the plaintiff cannot make a prima facie showing of entitlement to judgment on its claims for breach of the agreements or of the guaranties. In sum, plaintiff has failed to make a prima facie showing of entitlement to summary judgment on any of the claims it has asserted against the defendants.

[* 5]

## CONCLUSION

Libertas Funding, LLC's motion for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract and personal guarantee as asserted against defendants Associates of Boca Raton, Inc., Palm Mortgage, LLC, Advantage Referrals, Inc., Inella Group, Inc., Chad Ingram Edge Realty LLC, 52 Juliet LLC, Associates Plus, LLC, and Jonathan Chadwick Ingram is denied.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____

J.S.C.

**HON. FRANCOIS A. RIVERA**

[* 6]