**Zlur Funding LLC v Liberty Contr. & Sec. Inc.**

2025 NY Slip Op 31341(U)

April 17, 2025

Supreme Court, Kings County

Docket Number: Index No. 524269/2024

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 17th day of April 2025

PRESENT: HON. ANNE J. SWERN, J.S.C.

ZLUR FUNDING LLC,

                    *Plaintiff(s)*,

       *-against-*

LIBERTY CONTRACTING AND SECURITY
INC. AND LATECIA I. MOORE,

                   *Defendant(s)*.

**DECISION & ORDER**

Index No.: 524269/2024

Calendar No.: 51

Motion Seq.: 001

Return Date: 2/13/2025

*Recitation of the following papers as required by CPLR 2219(a):*

                                                    **Papers
Numbered**

Notice of Motion, Affirmation, Affidavit,
Memorandum of Law and Exhibits (NYSCEF 12-23)......................................1, 2
Affirmations in Opposition (NYSCEF 24-25)..................................................3
Reply Memorandum of Law (NYSCEF 26)......................................................4

*Upon the foregoing papers, the decision and order of the Court is as follows:*

**Procedural History**

      Plaintiff/purchaser commenced this action to recover damages based on
defendants/sellers' breach of a Merchant Agreement ("future receivables") and personal guaranty
executed by defendant Latecia I. Moore.[1] Defendants served an unverified answer setting forth
general denials and 15 affirmative defenses, including usury.[2] Plaintiff has now moved for
summary judgment supported by an Affidavit of Facts from Yosef Travis, an authorized

---

[1] Ex. D (NYSCEF 19)
[2] Ex. E (NYSCEF 20)

[* 1]

representative of plaintiff. The affidavit, based on his personal knowledge of plaintiff's business and record keeping practices, authenticated the exhibits annexed to the motion.[3]

In opposition, defendant did not submit an affidavit from an individual with personal knowledge of the facts concerning the execution and performance of the Merchant Agreement and the affirmative defenses and denials in the unverified answer.

## Facts

Pursuant to the Merchant Agreement, plaintiff agreed to purchase future account and payment obligations owing to defendants/sellers from their customers as generated in the course of defendants/sellers' business or "future receivables" in the amount of $13,200.00 ("Receivables Purchased Amount").[4] Plaintiff/purchaser paid an upfront purchase price of $8,000.00.[5] The $13,200.00 equaled 11.02% of defendants/sellers' total future sales (NYSCEF 13, ¶8). Defendants/sellers were obligated to repay the balance of $5,200.00 through daily ACH debits of $300 into plaintiff/seller's designated bank account.[6] This amounted to weekly payments of $3,500.00 ($300.00 x 7) and a 28.5% per annum interest rate ($3,500.00 ÷ $5,200.00).

The agreement contemplated unforeseen decreases to defendants/sellers' daily receipts. Therefore, the Merchant Agreement provided defendants/sellers with the right to a reconciliation *"at its sole and absolute discretion [and] to request a modification to their Scheduled Remittance."*[7] The parties also agreed that the purchaser would be excused from its repayment obligation under the Merchant Agreement provided that the adverse business conditions which

---

[3] NYSCEF 13, ¶¶1-6

[4] *Id.* at ¶4; and Ex. A, p.3 (NYSCEF 36)

[5] Ex. A, p.3 (NYSCEF 36); and Ex. B (NYSCEF 17). The proof of funding in the amount of $7,200.00 represents the "Net Funds Provided" per the Merchant Agreement (Ex. A - NYSCEF 36, pp.3 and ¶6 [a] through [k]). Defendants/sellers received an $800 credit after deducting applicable fees listed in the agreement (Affidavit of Yosef Travis - NYSCEF 13, ¶9).

[6] Affidavit of Yosef Travis ("Affidavit") at ¶11 (NYSCEF 13) and Ex. A, p.3 (NYSCEF 36)

[7] Ex. A, §X [a] (NYSCEF 36)

[*2]

caused a decrease in sales or closure of defendants/sellers' business were outside their control.[8] The repayment obligation could also be discharged in bankruptcy provided there was no fraud at the inception of the Merchant Agreement.[9] Defendants/sellers acknowledged that the Merchant Agreement was not a loan requiring an absolute and unconditional repayment on a specified maturity date and the right of plaintiff/purchaser to be repaid was conditioned on the [continued] performance of defendants/sellers' business.[10]

Defendants/sellers remitted payments in the total amount of $4,500.00 until 8/23/2024 when it changed the designated bank account for the daily ACH debits of $300.00[11] without plaintiff/purchaser's authorization and placing a stop payment on the debits. This caused plaintiff/seller's account to have insufficient funds and impeded plaintiff's ability to collect future receivables.[12]

## Law and Analysis

Summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320, [1986]). "A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issue of fact. However, a failure to demonstrate a *prima facie* entitlement to summary judgment motion, requires a denial of the motion regardless of the adequacy of the opposing papers" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], *citing Alvarez v Prospect Hospital*, 68 NY2d 324). "Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to

---

[8] *Id.* at §XIII [i], sub. ¶¶[i] & [ii]
[9] *Id.* at §XIII [i], sub.¶ [iii] and XVIII [k]
[10] *Id.* at §XIII [k]
[11] Affidavit at ¶11 (NYSCEF 13) and Ex. A, p.5 (NYSCEF 36)
[12] Affidavit at ¶¶14 & 16, and Ex. C (NYSCEF 18)

[* 3]

establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003] and *Alvarez v. Prospect Hospital*, 68 NY2d 324).

"The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" and "unless a principal sum advanced is repayable absolutely, the transaction is not a loan" (*LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d 664, 665-666 [2d Dept 2020] [internal citations omitted]). A loan is usurious and unenforceable if the interest rate exceeds 25% per annum (CPL § 190.40 and GOL § 5-521 [c]). The Court weights three factors when determining whether the obligation of repayment is absolute or contingent, *i.e.*, "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*id.*).

Plaintiff's motion for summary judgment is denied without prejudice and leave to renew in accordance with the following:

Under the terms of the Merchant Agreement, repayment of the purchase price is conditional not absolute. The agreement (1) contains a reconciliation provision and (2) is for an indefinite term. The purchase price (1) is subject to forgiveness due to unforeseen circumstances outside of defendants/sellers' control and not the result of its own actions and (2) dischargeable in bankruptcy, absent fraud or the lack of good faith by defendants/sellers (*id.*). Therefore, the Merchant Agreement is not a usurious loan despite an 28.5% per annum interest rate. (*LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d 665-666).

However, plaintiff has failed to establish all the elements of a breach of contract (*Cruz v Cruz*, 213 AD3d 805, 807 [2d Dept 2023]) and a *prima facie* entitlement to summary judgment (*Alvarez v Prospect Hospital*, 68 NY2d 324). Plaintiff did not submit the required business

[*4]

certification from Optimum Bank for the proof of funding via a wire transfer (CPLR § 4518). Likewise, it is unknown whether MCA Track is computer software program utilized by plaintiff/purchaser in the regular course of business or an outside entity requiring the same business certification per the CPLR.

Based on the foregoing, it is unnecessary to address the sufficiency of defendants/sellers' opposition papers (*Ayotte v Gervasio*, 81 NY2d 1063). However, the Court will address defendants/sellers' reliance on *People by James v Yellowstone Capital LLC*, Index #450750/2024. While Merchant Agreements may be disfavored by the New York State Attorney General, the Appellate Divisions have held that such agreements are not usurious and may be enforced (*LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d 665-666 and *Champion Auto Sales, LLC v Pearl Beta Funding, LLC*, 159 AD3d 507, 507 [1st Dept 2018]). Therefore, until such time as the New York State Legislature enacts legislation prohibiting such agreements, the defense of usury is without merit under these facts.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment pursuant CPLR § 3212 is denied without prejudice and with leave to renew, and it is further

ORDERED that plaintiff shall serve a copy of this Order with Notice of Entry through NYSCEF within 30 days of entry in NYSCEF, and it is further

This constitutes the decision and order of the Court.

ENTER:

**Hon. Anne J. Swern, J.S.C.**
**Dated: 4/17/2025**

For Clerks use only:

MG _____

MD ___X___

Motion seq. # ___1___

[* 5]