■ ANTHONY CUGINI, Respondent, v SYSTEM LUMBER CO., INC., et al., Defendants. ALL AMERICAN TRADING CORP., Third-Party Plaintiff, v C. ITOH & Co. (AMERICAN), INC., et al., Third-Party

Defendants-Appellants. — Order, Supreme Court, New York County (Helen Freedman, J.), entered August 8, 1984, which granted plaintiff-respondent's motion for an extension of time to file a note of issue to September 14, 1984 and conditionally granted appellant and third-party defendant C. Itoh & Co. (American), Inc.'s cross motion for summary judgment dismissing the complaint unless plaintiff filed a note of issue and complied with all court-ordered discovery by said date, affirmed, without costs.

While the failure to submit an affidavit of merit in response to a motion for summary judgment seeking dismissal of an action does, as stated in the dissent, mandate a dismissal without condition, such presupposes that the movant, in the first instance, has made the requisite showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact. A movant's failure to sufficiently demonstrate its right to summary judgment requires a denial of the motion regardless of the sufficiency, or lack thereof, of the opposing papers (*Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Zuckerman v City of New York,* 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Lurie v Child's Hosp.,* 70 AD2d 1032).

Appellant's reliance on the prior orders of Justice Kaplan in Special Term, Part 8A, as the basis for dismissal of the complaint is misplaced. The parties charted their own course in continuing to pursue discovery long after the dates directed in those orders. Particularly significant in that regard are appellant Itoh's own activities in seeking additional discovery during the 2½-year period of alleged delay upon which its cross motion for absolute dismissal is premised. On January 27, 1983, appellant was provided with an authorization for plaintiff's hospital records and on June 24, 1983, almost a year and a half after the date now asserted as critical, appellant moved to obtain additional discovery which, for the most part, was denied by Justice Edwards, on August 9, 1983, because of appellant's own failure to timely avail itself of previous opportunities afforded by plaintiff for discovery of the items sought. Indeed, the only relief granted on that application related to reports to be provided by defendants. Appellant subsequently filed a notice of appeal from Judge Edwards' order by reason of which plaintiff further delayed filing a note of issue and statement of readiness.

In this posture, appellant clearly failed to establish its entitlement to summary judgment on any procedural grounds and, absent affidavits of those with firsthand knowledge of the facts surrounding the accident, similarly failed to demonstrate a

substantive basis for such relief. Concur — Kupferman, J. P., Sullivan, Kassal and Ellerin, JJ.

Asch, J., dissents in a memorandum as follows: On November 5, 1972, plaintiff suffered injuries to his left eye, allegedly as a result of being struck in that eye with a fragment from a defective nail. This nail was manufactured, designed and sold by defendants and third-party defendants. On February 2, 1976, this action was commenced, and after answers and demands for bills of particulars were served by the defendants, the parties engaged in extensive motion practice concerning discovery matters.

The Supreme Court in October of 1981 directed plaintiff to supply numerous items of discovery and directed that the matter be placed on the calendar by December 28, 1981. The plaintiff failed to wholly comply with the discovery order, and in December 1981 the court dismissed the complaint unless plaintiff fully complied with its prior order by January 15, 1982. The initial order, as noted *supra,* had directed that the matter be placed on the calendar by the filing of a note of issue and statement of readiness by December 28, 1981.

Some 2½ years later, plaintiff moved for an order extending the time period set forth in the order for him to file the note of issue and statement of readiness. In support of this motion, plaintiff's counsel alleged, basically, law office failure. In a cross motion, the third-party defendants moved for summary judgment dismissing the complaint, asserting that plaintiff had wholly failed to comply with the court's direction to file a note of issue and statement of readiness for 2½ years. The defendants joined in this cross motion.

Special Term granted plaintiff's motion extending the time to file a note of issue until September 14, 1984, and also granted the cross motion of third-party defendants to dismiss the complaint unless plaintiff filed the note of issue and complied with all court-ordered discovery by that date. •

The order of Special Term was in error as a matter of law.

Plaintiff, in response to the cross motion to dismiss the complaint, did not submit an affidavit of merits. Such a failure mandates a dismissal of the action. "Because of this deficiency it was error as a matter of law not to grant the motion to dismiss *without condition* [citations omitted]" (*Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685, 686; emphasis added).

Although the third-party defendants' cross motion for summary judgment was supported solely by attorneys' affirmations, these were by parties with "knowledge of the facts" (CPLR 3212

[b]) constituting the default of the plaintiff for 2½ years in complying with the conditional order of dismissal. Further, the pleadings, including the plaintiff's verified complaint, were appended by the third-party defendants in their cross motion, not by the plaintiff. In any event, it may not serve as the required affidavit of merits.

The complaint asserts that certain nails sold to plaintiff "were inherently dangerous, defective in manufacture and design, and unfit for the purpose for which they were made and used." The Court of Appeals has noted, in a recent medical malpractice case where a plaintiff argued that the verified complaint should be accepted as an affidavit of merits, that expert opinion evidence is required to demonstrate merit with respect to "matters [not] within the ordinary experience of laypersons" (*Fiore v Galang*, 64 NY2d 999, 1001). Certainly, whether nails were defectively designed, inherently dangerous and defective in manufacture are not "matters within the ordinary experience of laypersons".

Accordingly, I would reverse the order of Special Term, New York County (Freedman, J.), grant the cross motion to dismiss the complaint, without condition, and deny plaintiff's motion to extend the time for filing the note of issue.