■ GARY F. WARRINGTON, Respondent, v RYDER TRUCK RENTAL, INC., Appellant. [826 NYS2d 152]—

In an action to recover damages for personal injuries, the defendant Ryder Truck Rental, Inc., appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated February 16, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a truck driver, allegedly injured his foot and ankle while standing on and operating a lift gate attached to the rear of a truck owned and maintained by the defendant Ryder Truck Rental, Inc. The defendant leased the truck to the

plaintiff's employer and, under the terms of the lease, was obligated to maintain and repair the vehicle. Under the terms of the agreement, the plaintiff's employer was required to return the vehicle to the defendant for ordinary maintenance and service for at least eight hours per week.

The defendant sought summary judgment on the ground that it did not create the defect with the lift gate and did not have actual or constructive notice thereof. Specifically, the defendant argued that it inspected the truck at issue on a weekly basis pursuant to the rental agreement with the plaintiff's employer; that no repair work to the lift gate had been necessary since eight months before the plaintiff's accident; that no one had notified the defendant of any defect with the lift gate leading up to the plaintiff's accident; and that there were no open repair orders for the lift gate at the time of the accident. The Supreme Court denied the defendant's motion for summary judgment finding, in effect, that the plaintiff had raised questions of fact requiring trial, based upon the maintenance history of the lift gate and the affidavit of a shop steward that another employee had experienced difficulties with the lift gate four weeks before the accident. We affirm, but for reasons other than those relied upon by the Supreme Court.

The evidence presented by the defendant on its motion for summary judgment that it did not have notice of the alleged defect consisted merely of an attorney's hearsay affirmation that there were no open repair orders and that no complaints had been made to the defendant regarding the lift gates prior to the occurrence. The deposition testimony annexed to the motion papers did not address those issues, and thus failed to put forth sufficient evidentiary proof to support the attorney's affirmation (*cf. Olan v Farrell Lines*, 64 NY2d 1092, 1093 [1985]). An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384-385 [2005]; *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Palo v Principio*, 303 AD2d 478, 479 [2003]; *Hirsch v Morgan Stanley & Co.*, 239 AD2d 466, 467 [1997]), and accordingly, the defendant failed to establish its prima facie entitlement to summary judgment. As the burden never shifted to the plaintiff, the defendant's motion should have been denied without regard to the sufficiency of the plaintiff's opposition papers (*see JMD Holding Corp. v Congress Fin. Corp.*, *supra* at 384; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Hughes v Cai*, 31 AD3d 385 [2006]). Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.