OPINION OF THE COURT
Francois A. Rivera, J.
By notice of motion filed on February 16, 2011, under motion sequence No. three, defendant Matthew Keating moves for an order striking plaintiffs complaint pursuant to CPLR 3126 for failing to comply with Keating’s disclosure demands, and granting Keating summary judgment on liability and dismissing the complaint pursuant to CPLR 3212. Neither the plaintiff nor co-defendant Daniel Coca appeared or submitted opposition to the motion.
Background
On April 8, 2009, plaintiff commenced this action for damages for personal injuries by filing a summons and verified complaint with the Kings County Clerk’s office. By answer dated September 11, 2009, Keating joined issue. Plaintiffs complaint alleges 11 allegations of fact in support of a single cause of action for damages due to personal injuries caused by the defendants’ criminal assault of the plaintiff on October 1, 2006 in the vicinity of Second Avenue between East 53rd and East 54th Streets in Brooklyn. Plaintiff further alleges that on April 12, 2007, the defendants were convicted of criminally assaulting him on that date and location.
Motion Papers
Keating’s motion contains an affirmation of his counsel and five annexed exhibits labeled A through E. Exhibit A is the instant summons and verified complaint. Exhibit B is Keating’s answer and various disclosure demands. Exhibit C is a prior order of this court dated August 14, 2009. By that order Keating’s prior motion for dismissal of the complaint pre-answer and co-defendant Daniel Coca’s cross motion were decided as follows. Plaintiff withdrew all causes of action for negligence, codefendant Coca withdrew his cross motion, plaintiffs cause of action for intentional assault remained pursuant to CPLR 213-b; and *1027 Keating’s time to answer the complaint was extended to September 14, 2009. Exhibit D is a preliminary conference order dated November 19, 2009. Exhibit E is a compliance conference order dated June 3, 2010.
Law and Application
Part 202 of the Uniform Rules for the New York State Trial Courts (22 NYCRR) at section 202.7 (a) and (c) provides in pertinent part as follows:
“(a) There shall be compliance with the procedures prescribed in the CPLR for the bringing of motions. In addition, except as provided in subdivision (d) of this section, no motion shall be filed with the court unless there have been served and filed with the motion papers (1) a notice of motion, and (2) with respect to a motion relating to disclosure or to a bill of particulars, an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion . . .
“(c) The affirmation of the good faith effort to resolve the issues raised by the motion shall indicate the time, place, and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held.”
It is well established that the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by proffering evidentiary proof in admissible form sufficient to demonstrate the absence of any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). “Issue finding, rather than issue determination, is the court’s function. If there is any doubt about the existence of a triable issue of fact or if a material issue of fact is arguable, summary judgment should be denied” (Celardo v Bell, 222 AD2d 547, 548 [2d Dept 1995] [citation omitted]). Once the proponent has met this burden, the burden then shifts to the party opposing the motion to demonstrate via admissible evidence the existence of a factual issue requiring a trial of the action (Alvarez v Prospect Hosp., supra).
1 ‘A summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion (i.e., ‘defaulted’) (Vermont *1028 Teddy Bear Co. v 1-800 Beargram Co., 373 F3d 241, 244 [2d Cir 2004] [‘the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the . . . court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law’]; see Cugini v System Lbr. Co., 111 AD2d 114, 115 [1985]).” (Liberty Taxi Mgt., Inc. v Gincherman, 32 AD3d 276, 277 n [1st Dept 2006].)
The proponent’s failure to sufficiently demonstrate its right to summary judgment requires a denial of the motion regardless of the sufficiency, or lack thereof, of the opposing papers (Cugini v System Lbr. Co., supra).
Although no one appeared or submitted opposition to Keating’s motion it is nevertheless denied for the following reasons. Keating has sought to strike plaintiffs complaint pursuant to CPLR 3126 for failure to comply with Keating’s disclosure demands and for failure to comply with a preliminary conference order and compliance conference order directing certain discovery. The two reasons advanced are both premised on alleged disclosure violations. However, contrary to the requirements of part 202 of the Uniform Rules for the New York State Trial Courts (22 NYCRR) at section 202.7, Keating did not submit an affirmation that he conferred with his opponent in a good faith effort to resolve the disclosure dispute before making the instant motion.
With regard to Keating’s motion for summary judgment on liability in his favor, there is no allegation of fact by anyone with personal knowledge demonstrating that Keating is not liable for the criminal assault of the plaintiff. Keating argues that the motion should be granted based on plaintiffs inability to prove liability against him. Keating, however, does not demonstrate how or why plaintiff will be unable to do so. Furthermore, a movant for summary judgment cannot satisfy his or her initial burden merely by pointing out gaps in the plaintiffs case (Plotits v Houaphing D. Chaou, LLC, 81 AD3d 620 [2d Dept 2011]).
Keating’s motion to strike plaintiffs complaint pursuant to CPLR 3126 and to dismiss the complaint pursuant to CPLR 3212 are denied.