## Prosperum Capital Partners LLC v Piola Prop. Mgt. LLC

2024 NY Slip Op 31761(U)

May 20, 2024

Supreme Court, Kings County

Docket Number: Index No. 512250/2023

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of Kings,
at the Courthouse, at Civic
Center, Brooklyn, New York,
on the 20th day of May 2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------------X

PROSPERUM CAPITAL PARTNERS LLC
D/B/A ARSENAL FUNDING,

                               Plaintiff,

                    - against -

PIOLA PROPERTY MANAGEMENT LLC D/B/A
PIOLA PROPERTY MANAGEMENT and
CHRISTIAN MANTUANO

                        Defendants.

-----------------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 512250/2023

Recitation in accordance with CPLR 2219 (a) of the papers considered on notice of motion filed on August 14, 2023, under motion sequence number one, by Prosperum Capital Partners LLC D/B/A Arsenal Funding (hereinafter the plaintiff) for an order pursuant to CPLR 3212 awarding summary judgment in favor of plaintiff as against Piola Property Management LLC D/B/A Piola Property Management (hereinafter the LLC defendant) and Christian Mantuano (hereinafter the guarantor) (collectively the defendants) as well as the costs and disbursements of this action. The motion is opposed.

-Notice of motion
-Affirmation in support
-Affidavit in support
      Exhibits A-E
-Memorandum of law in support
-Statement of material facts
-Affirmation in opposition
      Exhibits A-C

**BACKGROUND**

On April 25, 2023, plaintiff commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On June 2, 2023,

[* 1]

the defendants interposed and filed an answer with counterclaims with the KCCO. On June 23, 2023, the plaintiff interposed and filed a reply to the defendants' counterclaims with the KCCO.

The verified complaint alleges thirty-two allegations of fact in support of three denominated causes of action. The first is for breach of contract, the second is for breach of a guarantee agreement, and the third is for attorney's fees based on an alleged breach of the agreement.

The verified complaint alleges the following salient facts. Pursuant to a receivable purchase agreement (hereinafter the agreement) and personal guarantee dated February 2, 2023, the plaintiff purchased from the LLC defendant its future accounts receivable having a face value of $44,700.00.

On or about February 2, 2023, the LLC defendant, in consideration of the sum of $30,000.00, sold, assigned, and transferred to plaintiff seventeen (10%) percent of its future sales proceeds, up to an aggregate amount of $44,700.00. By the agreement, Christian Mantuano executed a personal guarantee if the LLC defendant defaulted on the agreement. Pursuant to the aforesaid agreement, the LLC defendant agreed to have one bank account approved by plaintiff (hereinafter "Bank Account") from which the LLC defendant authorized plaintiff to debit 10% of its daily revenue until the purchased amount of receivables was paid in full.

On February 23, 2023, the LLC defendant defaulted under the agreement by failing to remit its sales proceeds to the plaintiff and otherwise breached the agreement by intentionally impeding and preventing plaintiff from making the agreed upon ACH

[* 2]

withdrawals from the Bank Account while conducting regular business operations.

In total, the LLC defendant remitted the amount of $9,834.00 in accordance with the agreement, leaving a balance of $ 34,866.00 remaining due and owing. The plaintiff claims that there is now due and payable to plaintiff, by the defendants, the principal balance sum of $ $47,961.00, together with attorney's fees of $8,716.50, resulting in a sum of $56,677.50.

## LAW AND APPLICATION

It is well established that summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]). If prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez*, 68 NY2d at 324).

Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all of the evidence must be viewed in the light most favorable to the

[* 3]

opponent of the motion (*Marine Midland Bank v Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610, 610 [2d Dept 1990]).

The essential elements of a cause of action to recover damages for breach of contract are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (*see Cruz v Cruz*, 213 AD3d 805, 807 [2d Dept 2023]).

In the case at bar, the only sworn testimony submitted by the plaintiff in support of the motion was an affirmation of Jeffrey Parella, its counsel (hereinafter Parella), and an affidavit of Marlen Kruzhkov, its managing member (hereinafter Kruzhkov). Parella's affirmation demonstrated no personal knowledge of any of the transactional facts alleged in the complaint. An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance (*Nerayoff v Khorshad*, 168 AD3d 866, 866-867 [2d Dept 2019], citing *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2d Dept 2006]). Parella's affirmation states that the facts in support of the motion are contained in the affidavit of Kruzhkov.

The plaintiff's evidentiary submission did not demonstrate that it paid the LLC defendant the agreed upon purchase price for its future receivables. Kruzhov averred that annexed as exhibit B to the motion was proof of the plaintiff's funding of the purchase price. The annexed document, however, contained only two lines and part of those lines were redacted. The document contained a typed entry stating the word "checking" and the amount of $0.00 and to the right of that amount was the amount of $28,200.00 and nothing else. The document, however, was neither explained, nor authenticated, nor was

[* 4]

it probative of anything.

The plaintiff provided no admissible evidence demonstrating that it performed its part of the agreement by paying the defendants the agreed-upon purchase price. Consequently, the plaintiff did not meet its burden of demonstrating as a matter of law that the defendants breached the agreement. Inasmuch as the plaintiff did not make a prima facie showing that the LLC defendant breached the agreement, the obligation of the guarantor was not triggered. As a result, the plaintiff also failed to show that the guarantor breached the agreement.

Inasmuch, as the plaintiff failed to demonstrate that the LLC defendant or Christian Mantuano breached the agreement, the third cause of action for attorney's fees based on a breach of the agreement is also unsupported. The motion is therefore denied without regard to the sufficiency or lack of opposing papers (*see Cugini v System Lbr. Co.*, 111 AD2d 114, 115 [1st Dept 1985]).

**CONCLUSION**

The branch of the motion by Prosperum Capital Partners LLC D/B/A Arsenal Funding or an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, breach of a guarantee agreement, and attorney's fees as against against Piola Property Management LLC D/B/A Piola Property Management and Christian Mantuano is denied.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____
J.S.C.

HON. FRANCOIS A. RIVERA