Capitalize Group LLC v R/O Gen. Contrs. LLC (2024 NY Slip Op 50648(U))

[*1]

Capitalize Group LLC v R/O Gen. Contrs. LLC

2024 NY Slip Op 50648(U)

Decided on May 20, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 20, 2024
Supreme Court, Kings County

Capitalize Group LLC D/B/A SKYGOLD FUNDING, Plaintiff,

against
R/O General Contractors LLC D/B/A
R/O GENERAL CONTRACTORS 
 and JACOB DANIEL RAMIREZ, Defendants.

Index No. 518986/2023

Attorney for Plaintiff
David Fogel P.C.
By: David Fogel
1225 Franklin Ave Ste 201
Garden City, NY 11530
(516) 279-1420
david@dfogelpc.com
Attorney for Defendants
Law Office of Jeffrey Davis
By: Jeffrey K. Davis
600 Mamaroneck Ave 4th Floor 
Harrison, NY 10528
(914) 200-3272
jeff@jeffdavisesq.com

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on notice of motion filed on August 31, 2023, under motion sequence number one, by Capitalize Group LLC d/b/a Skygold Funding (hereinafter the plaintiff) for an order pursuant to CPLR 3212 granting summary judgment in favor of the plaintiff on its claims asserted against R/O General Contractors LLC D/B/A R/O General Contractors (hereinafter the business defendant) and Jacob Daniel Ramirez (hereinafter the guarantor) (collectively the defendants) in all respects on the ground that this action is based upon instrument for the payment of money only which is now due and payable. The motion is unopposed.
-Notice of motion
-Affirmation in support
-Affidavit in support
Exhibits 1-6
-Memorandum of law in support
-Statement of material facts
BACKGROUND
On June 29, 2023, plaintiff commenced the instant by filing a summons and verified complaint with the Kings County Clerk's Office (KCCO). On July 15, 2023, the defendants interposed and filed a joint verified answer with the (KCCO).
The complaint has alleged thirteen allegations of fact in support of two causes of action, namely, breach of contract and breach of a personal guarantee agreement. The verified complaint alleged the following salient facts, among others. On May 8, 2023, plaintiff and defendants entered into an agreement (hereinafter the agreement) whereby plaintiff agreed to purchase the business defendant's future receivables in the amount of $30,000.00 for the purchase price of $20,000. Plaintiff paid the business defendant the purchase price. On about June 15, 2023, the business defendant materially breached the terms of the agreement by causing the receivables to be deposited into a separate account not designated in the agreement, blocked the payment due to plaintiff so that plaintiff could not collect the amount of receivables due and/or prevented plaintiff from collecting the amount due to non-sufficient funds or otherwise failed to pay and/or prevented plaintiff from collecting the amount due pursuant to the payment schedule in the agreement and thereby defaulted under the terms of the agreement or otherwise violated a material term of the agreement which constituted an event of default thereunder.
By reason of the foregoing, plaintiff has been damaged because of the above-described default in an amount of no less than $35,056.50 with interest thereon from June 15, 2023. Jacob Daniel Ramirez executed a personal guarantee of performance of all the obligations of the business defendant set forth in the agreement. By reason of the guarantee, he is obliged to pay to Plaintiff the amount set forth in the preceding cause of action. 
LAW AND APPLICATION
There is no opposition to the instant motion. However, "[a] summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, (i.e., 'defaulted')" (Liberty Taxi Mgt., Inc. v Gincherman, 32 AD3d 276, 278 n [1st Dept 2006], citing Vermont Teddy Bear Co., v 1-800 Beargram Co., 373 F3d 241, 244 [2d Cir 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the ... court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; see Cugini v System Lumber Co., Inc., 111 AD2d 114, 115 [1st Dept 1985]).
It is well established that summary judgment may be granted only when no triable issue of fact exists (Alvarez v Prospect Hosp., 32 AD3d 320, 324 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of any material issues of fact (Giuffrida v Citibank Corp., 100 NY2d 72, 81 [2003]).
A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (Ayotte v Gervasio, 81 NY2d 1062, 1063 [*2][1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (Alvarez, 68 NY2d at 324).
Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all the evidence must be viewed in the light most favorable to the opponent of the motion (Marine Midland Bank v Dino & Artie's Automatic Transmission Co., 168 AD2d 610, 610 [2d Dept 1990]).
The essential elements of a cause of action to recover damages for breach of contract are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Cruz v Cruz, 213 AD3d 805, 807 [2d Dept 2023], quoting Klein v Signature Bank, Inc., 204 AD3d 892, 895 [2d Dept 2022]).
In the case at bar, the only sworn testimony submitted by the plaintiff in support of the motion was an affirmation of David Fogel, its counsel (hereinafter Fogel), and an affidavit of Yechezkel Israeli, its manager (hereinafter Israeli). Fogel's affirmation contends that the facts in support of the motion are contained in the affidavit of Israeli. Fogel's affirmation demonstrates no personal knowledge of any of the transactional facts alleged in the complaint. "An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance" (Nerayoff v Khorshad, 168 AD3d 866, 867 [2d Dept 2019], quoting Warrington v Ryder Truck Rental, Inc., 35 AD3d 455, 456 [2d Dept 2006]).
Israeli averred that as manager of the plaintiff, he has personal knowledge of its business practices and procedures. He further averred that the factual allegations proffered in support of the motion for summary judgment were derived from his review of the plaintiff's business records. Israeli's affidavit was used to authenticate the agreement which was allegedly breached by the defendants.
Israeli's affidavit referred to certain exhibits attached to the motion, namely, the agreement, a document denominated as proof of funding, and a payment history. It is noted that Israeli did not aver that he was a signatory to the agreement or that he participated in its execution. Although the plaintiff contended that the business defendant performed certain acts which constituted a default under the agreement, the alleged acts were stated in the alternative and the payment history did not provide proof of any one of the alleged acts. Here, the payment history was submitted without explaining how to read it. It was not self-explanatory. It did not establish any of the alleged acts by the defendants constituting a default under the agreement.
Furthermore, the document submitted in support of the amount plaintiff purportedly provided to the business defendant reflects an amount less than the agreed upon purchase price of $20,000. The lesser amount of $6,844.78 reflected in the document denominated as proof of funding was not explained in Israeli's affidavit. This discrepancy alone raises material issues of fact regarding the plaintiff's performance under the agreement.
In sum, the plaintiff has failed to make a prima facie showing of entitlement to summary judgment on its claim that the business defendant breached the agreement. Consequently, the plaintiff has failed to show that the obligation of the guarantor was ever triggered. As a result, the plaintiff also failed to show that the guarantor breached the agreement. The motion is therefore denied without regard to the sufficiency or lack of opposing papers (see Cugini v [*3]System Lbr. Co., 111 AD2d 114, 115 [1st Dept 1985]).
CONCLUSION
The motion by Capitalize Group LLC d/b/a Skygold Funding for an order pursuant to CPLR 3212 granting summary judgment in favor of the plaintiff on its claims asserted against defendants R/O General Contractors LLC D/B/A R/O General Contractors and Jacob Daniel Ramirez is denied.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.