Independent Funding Group v Oil City Tractors Inc. (2024 NY Slip Op 51724(U))

[*1]

Independent Funding Group v Oil City Tractors Inc.

2024 NY Slip Op 51724(U)

Decided on December 19, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 19, 2024
Supreme Court, Kings County

Independent Funding Group, Plaintiff,

against
Oil City Tractors Inc. and EULICE EMERSON III ALVEY, Defendant(s).

Index No. 516386/2023

Attorney for Plaintiff
Rickin Desai, Esq.  167 Madison Avenue
Suite 205, #3008
New York, NY 10016
Phone: (973) 739-8707
Email: rickin@rdesailaw.com
Attorney for Defendants 
Law Office of Jeffrey Davis
Attorney for Defendants
600 Mamaroneck Ave 4th Floor
Harrison, NY 10528
(914) 293 6352 
Jeff@JeffDavisESQ.com

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on July 29, 2024, under motion sequence number one, by Independent Funding Group (hereinafter plaintiff) for an order pursuant to CPLR 3212 granting plaintiff summary judgment on its breach of contract claims asserted against Oil City Tractors Inc. (hereinafter the corporate defendant) and Eulice Emerson III Alvey (hereinafter the individual defendant) (collectively the defendants). The motion is unopposed.
-Notice of motion
-Affirmation in support
-Affidavit in support
Exhibits A-F
-Memorandum of law in support
-Statement of material facts
BACKGROUND
On June 6, 2023, plaintiff commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On June 27, 2023, the defendants interposed and filed an answer with the KCCO. 
The verified complaint alleges nineteen allegations of fact in support of two causes of action for breach of contract and breach of a guaranty agreement. The verified complaint alleges the following salient facts. Pursuant to a receivable purchase agreement (hereinafter the agreement) and personal guaranty dated May 26, 2022, the plaintiff purchased from the corporate defendant its future accounts receivable having a face value of $52,465.00.
Pursuant to the agreement, the corporate defendant, in consideration of the sum of $35,000.00, sold, assigned, and transferred to plaintiff seventeen (25%) percent of its future sales proceeds, up to an aggregate amount of $52,465.00. By the agreement, the individual defendant executed a personal guarantee if the corporate defendant defaulted on the agreement.
On December 14, 2022, the corporate defendant defaulted under the agreement by failing to remit its sales proceeds to the plaintiff as provided for in the agreement. Subtracting the amount of receivables plaintiff has previously collected from the corporate defendant under the agreement from the total future receivables purchased by the plaintiff, there is presently due and owing from the corporate defendant to plaintiff the amount of $46,270.00, with interest from December 14, 2022, plus its costs and expenses of collection, including reasonable attorney's fees.
The agreement contains the individual defendant's separately executed and unconditional guarantee of payment in the event of default under the agreement by the corporate defendant. Plaintiff made demand upon the individual defendant to pay the outstanding balance due under the agreement, which the individual defendant has failed and refused to do. The plaintiff claims that there is now due and payable to plaintiff the sum of $46,270.00 plus interest from December 14, 2022, plus plaintiff's costs, expenses of collection, including reasonable attorney's fees of $11,567.50, or any such other amount as the court deems just.
LAW AND APPLICATION
The defendants did not submit opposition to the instant motion. However, a summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, i.e. defaulted (Liberty Taxi Mgt., Inc. v Gincherman, 32 AD3d 276, 278 n [1st Dept 2006], citing Vermont Teddy Bear Co., v 1-800 Beargram Co., 373 F3d 241, 244 [2d Cir. 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the ... court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; see Cugini v System Lumber Co., Inc., 111 AD2d 114, 115 [1st Dept 1985]).
It is well established that summary judgment may be granted only when no triable issue of fact exists (Alvarez v Prospect Hospital, 68 NY2d 320, 324 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a [*2]matter of law by presenting evidence in admissible form demonstrating the absence of material facts (Giuffrida v Citibank, 100 NY2d 72, 81 [2003]).
A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (Ayotte v Gervasio, 81 NY2d 1062, 1064 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (Alvarez, 68 NY2d at 324).
Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all of the evidence must be viewed in the light most favorable to the opponent of the motion (Marine Midland Bank v Dino & Artie's Automatic Transmission Co., 168 AD2d 610 [2d Dept 1990]).
The essential elements of a cause of action to recover damages for breach of contract are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (Cruz v Cruz, 213 AD3d 805, 807 [2d Dept 2023], quoting Klein v Signature Bank, Inc., 204 AD3d 892, 895 [2022]). To prevail on the instant motion, it is incumbent upon the plaintiff to prove each of these elements as a matter of law. 
The only sworn testimony submitted by the plaintiff in support of the motion was an affirmation of Rickin Desai, its counsel (hereinafter Desai), and an affidavit of Benjamin Spour (hereinafter Spour). Desai's affirmation demonstrated no personal knowledge of any of the transactional facts alleged in the complaint. An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance (Nerayoff v Khorshad, 168 AD3d 866, 867 [2d Dept 2019], citing Warrington v Ryder Truck Rental, Inc., 35 AD3d 455, 456 [2d Dept 2006]).
Spour's affidavit was used to authenticate the agreement which was allegedly breached by the defendants. Spour, however, neither signed nor participated in its execution. He alleged that he was an authorized representative of the plaintiff and, as such, had personal knowledge of its business practices and procedures. He further averred that the fact that he alleged in support of the motion were derived from his review of the plaintiff's business records. Spour referred to the three documents attached to the motion papers, namely, the agreement, a document denominated as proof of funding, and another document denominated as a remittance history. 
He determined from review of the plaintiff's business records that on December 14, 2022, the corporate defendant materially breached the terms of the agreement by placing a stop payment on plaintiff's debits to the account or by changing the designated bank account without plaintiff's authorization and by failing to make any remittances thereafter. 
Spour referred to the proof of funding, annexed as exhibit B to his affidavit, as evidence of the plaintiff's payment to the corporate defendant of the $35,000.00 purchase price. Exhibit B, however, was a document consisting of two lines on the bottom of a mostly blank page containing some text and a numerical figure of $32,500.00. Spour did not explain the document and the document was not self-explanatory. It did not establish plaintiff's payment of the agreed upon purchase price. 
Spour referred to the remittance history, annexed as exhibit C to his affidavit, as proof of the defendants' default. Once again, he did not explain how to read the document and it too was not self-explanatory. Also, his sworn testimony did not provide a sufficient foundation for its [*3]admission as a business record. Moreover, nothing on the document reflected that the corporate defendant placed a stop payment on plaintiff's debits to the account or that the defendants changed the designated bank account without plaintiff's authorization. Plaintiff's evidentiary submission did not establish any conduct by the defendants which would have constituted a breach of the agreement. 
Furthermore, assuming a business record exists reflecting that the corporate defendants did place a stop payment or that they changed a designated bank account without plaintiff's approval, those records were not annexed to the motion papers. It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (Citibank, N.A. v Potente, 210 AD3d 861, 862 [2d Dept 2022], quoting Bank of NY Mellon, 171 AD3d at 205). Accordingly, evidence of the contents of business records is admissible only where the records themselves are introduced. Without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay (see Bank of NY Mellon, 171 AD3d at 198).
The plaintiff did not provide admissible evidence demonstrating the corporation defendant's breach of the agreement. Inasmuch as the plaintiff did not make a prima facie showing that the corporate defendant breached the agreement, the obligation of the individual defendant to guarantee their performance was not triggered. As a result, the plaintiff also failed to show that the guarantor breached the agreement. The instant motion is therefore denied without regard to the sufficiency or lack of opposing papers (Cugini v System Lbr. Co., 111 AD2d 114, 115 [1st Dept 1985]).
CONCLUSION
The motion by plaintiff Independent Funding Group for an order pursuant to CPLR 3212 granting plaintiff summary judgment on its breach of contract claims asserted against defendants Oil City Tractors Inc. and Eulice Emerson III Alvey is denied.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.