Valley Natl. Bank v Community Prot. Church of Co-op City, Inc. (2026 NY Slip Op 00036)

Valley Natl. Bank v Community Prot. Church of Co-op City, Inc.

2026 NY Slip Op 00036

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Webber, J.P., Friedman, Mendez, Shulman, Hagler, JJ. 

Index No. 805049/24|Appeal No. 5494-5494A|Case No. 2025-02527, 2025-04807|

[*1]Valley National Bank, etc., Plaintiff-Appellant,
vCommunity Protestant Church of Co-op City, Inc., Defendant-Respondent, New York City Bureau of Highway Operations, et al., Defendants.

Mantel McDonough Riso, LLP, New York (Gerard A. Riso of counsel), for appellant.
Rodman & Campbell PC, Bronx (Hugh W. Campbell of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered January 28, 2025, which denied plaintiff's motion for summary judgment, for an order striking defendant's affirmative defenses, and for an order of reference, unanimously reversed, on the law, the motion granted. Appeal from order, same court and Justice, entered July 22, 2025, which denied plaintiff's motion seeking leave to renew and reargue, unanimously dismissed, without costs, as academic.
Plaintiff commenced this mortgage foreclosure action. Attached to the complaint were, among other documents, the consolidated mortgage, an assignment of rents, the consolidated note, an assignment of mortgage and note purported to be from nonparty Church Loans & Investments Trust to nonparty Westchester Bank, plaintiff's notice of default, the two forbearance agreements, and the merger agreement between Westchester Bank and plaintiff. A first vice president of plaintiff verified the complaint based on his review of the subject loan documents and other business records kept and maintained by plaintiff in the ordinary course of business. Defendant interposed an answer which included six affirmative defenses.
Plaintiff thereafter moved for summary judgment, submitting an affirmation by counsel, to which the loan documents were annexed, and an affidavit from the same first vice president, which did not attach the subject loan documents. The affiant attested that defendant failed to make monthly payments and that defendant owed plaintiff $2,302,848.55 through June 15, 2024. He did not attest that he based his knowledge of the default and amount due on his review of any records. Defendant did not oppose plaintiff's motion.
Supreme Court should have granted plaintiff's motion. Although it is the movant's burden to establish its entitlement to summary judgment and the failure of the nonmovant to oppose summary judgment does not obviate the movant's need to establish its prima facie case (see Cugini v System Lbr. Co., 111 AD2d 114, 115 [1st Dept 1985], lv dismissed 65 NY2d 1053 [1985]), "a court should not examine the admissibility of evidence submitted in support of a motion for summary judgment unless the nonmoving party has specifically raised that issue in its opposition to the motion" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 202 [2d Dept 2019]; see also Thompson-Shepard v Lido Hall Condominiums, 168 AD3d 614, 614 [1st Dept 2019]). This is because courts "are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (Gordon, 171 AD3d at 202).
On its original motion, plaintiff established its prima facie entitlement to summary judgment by establishing, through the affidavit of a first vice president who was also the loan officer in charge of the loan's collection and enforcement, the existence of the consolidated note, consolidated mortgage, and the existence and amount of defendant's default (see Red Tulip, LLC v Neiva, 44 AD3d 204, 209 [1st Dept 2007], lv dismissed 10 NY3d 741 [2008]). Defendant did not oppose the motion and thus did not raise any objections as to the admissibility of plaintiff's evidence, and the court should not have raised evidentiary objections sua sponte (see Thompson-Shepard, 168 AD3d at 614; see also Gordon, 171 AD3d at 202).
Because we find that plaintiff established its entitlement to summary judgment on its original motion, plaintiff's appeal of the court's denial of its motion to renew and reargue has been rendered academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026