**Squillace v MBH 185 Malcolm LLC**

2026 NY Slip Op 30730(U)

March 2, 2026

Supreme Court, New York County

Docket Number: Index No. 156417/2017

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO** PART 65M

_Justice_

------------------------------------------------------------------------X

DEVON SQUILLACE,

Plaintiff,

- v -

MBH 185 MALCOLM LLC, MARJORIE DESROSIERS, NORA DOCKERY, GABRIELLE FRICKER, YAN NEILSON, CALLAHAN SMITH, TERRANCE CAESAR, DEBORA FREDERICK,

Defendant.

------------------------------------------------------------------------X

MBH 185 MALCOLM LLC

Plaintiff,

-against-

NORA DOCKERY, GABRIELLE FRICKER, YAN NEILSON, CALLAHAN SMITH

Defendant.

------------------------------------------------------------------------X

MARJORIE DESROSIERS

Plaintiff,

-against-

NORA DOCKERY, GABRIELLE FRICKER, YAN NEILSON, CALLAHAN SMITH

Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156417/2017 |
| MOTION DATE | N/A, N/A, N/A, N/A |
| MOTION SEQ. NO. | 005 006 007 009 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595161/2018

Second Third-Party
Index No. 595485/2018

The following e-filed documents, listed by NYSCEF document number (Motion 005) 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 311, 312, 313, 315, 401, 402, 409, 410, 411

were read on this motion for                SUMMARY JUDGMENT              .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 330, 331, 332, 333, 334, 335, 336, 337, 338, 339

156417/2017   SQUILLACE, DEVON vs. MBH 185 MALCOLM LLC       Page 1 of 7
Motion No.  005 006 007 009

1 of 7

[* 1]

were read on this motion for <u>          SUMMARY JUDGMENT          </u> .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 389, 390, 403, 404, 412

were read on this motion to <u>               DISMISS              </u> .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 391, 392, 393, 394, 395, 400, 405, 407, 408

were read on this motion for <u>          SUMMARY JUDGMENT          </u> .

This matter comes before the court on four separately noticed motions for summary judgment arising from the same underlying incident. By Motion Sequence No. 005, defendants Terrance Caesar and Debora Frederick ("Caesar and Frederick") move pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's complaint, together with all claims, cross-claims, and counterclaims asserted against them. By Motion Sequence No. 006, defendant Yan Neilson ("Neilson") seeks summary judgment as to the claims and cross-claims asserted against him; the record reflects that this motion is unopposed. By Motion Sequence No. 007, defendant Marjorie Desrosiers ("Desrosiers") moves for summary judgment dismissing the complaint and all cross-claims as against her. Finally, by Motion Sequence No. 009—incorrectly denominated in the motion papers as Sequence No. 008—defendant MBH 185 Malcolm LLC seeks summary judgment dismissing plaintiff's complaint and all related claims, cross-claims, and counterclaims asserted against it. Each motion is addressed herein.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Devon Squillace ("plaintiff") was injured on June 24, 2017 when he fell through a glass-covered ventilation shaft ("skylight") on the contiguous rooftops of 181/183 Malcolm X Boulevard. At the time, plaintiff was attending a party on the roof of 185 Malcolm X Boulevard (the adjoining building). 181 Malcolm (where plaintiff fell) is owned by defendants Caesar and Frederick; 183 Malcolm is co-owned by Desrosiers and Neilson; and 185 Malcolm (site of the party) is owned by MBH 185 Malcolm LLC. The tenants of 185 Malcolm included defendants Nora Dockery, Gabrielle Fricker, Neilson and Callahan Smith. The rooftops of 181, 183 and 185 Malcolm are at the same level and have no intervening barriers or warnings. In particular, adjacent roofs share common areas with no prohibition on access, so that the party spilled onto 181/183 Malcolm where the shaft was located. Plaintiff's admissions show he was on 185 Malcolm by invitation, then "walked over to the adjacent" roof of 181/183 and stepped onto the skylight covering the ventilation shaft.

The action was commenced in July 2017 (Index No. 156417/2017). Desrosiers and MBH were added as defendants in January 2018. MBH and Desrosiers later brought third-party claims against the tenant defendants (Nora Dockery, Gabrielle Fricker, Yan Neilson and Callahan Smith). All answers and third-party pleadings were filed by late 2018. After discovery, the above-captioned motions were submitted. Motion Seq. 005 (Caesar/Frederick) and Motion Seq. 007 (Desrosiers) are contested; Motion Seq. 006 is unopposed and will be treated accordingly; Motion Seq. 009 (MBH) is contested.

**156417/2017   SQUILLACE, DEVON vs. MBH 185 MALCOLM LLC**                              **Page 2 of 7**
**Motion No.  005 006 007 009**

2 of 7

[* 2]

## ARGUMENTS

In Motion Sequence No. 005, Caesar and Frederick move for summary judgment on the ground that plaintiff was a trespasser on the roof of 181/183 Malcolm at the time of the accident. They underscore that their ownership extends only to 181 Malcolm and that they held no ownership interest in, nor exercised any control over, 185 Malcolm—the location where the party was hosted. From their perspective, plaintiff's presence on their roof was wholly unauthorized. As such, they contend that they owed him no duty beyond the minimal obligation articulated by the Court of Appeals in *Basso v. Miller*, 40 NY2d 233, 239 (1976), namely, to refrain from willful or wanton misconduct.

They further maintain that the condition at issue—the open shaft or skylight—was open and obvious, and therefore did not constitute a concealed danger requiring a warning. Even assuming, *arguendo*, that plaintiff's attendance at the gathering on 185 Malcolm rendered him a licensee rather than a trespasser, they argue that no hidden trap existed to trigger any heightened duty of care. While acknowledging plaintiff's own alleged negligence—including intoxication and stepping onto the structure—they recognize that, pursuant to CPLR § 1411, comparative fault bears only on apportionment of damages and does not preclude a determination of liability as a matter of law. In sum, Caesar and Frederick contend that the record establishes their entitlement to judgment as a matter of law.

In Motion Sequence No. 006, defendant Neilson, a tenant of 185 Malcolm X Boulevard, moves pursuant to CPLR § 3212 for summary judgment dismissing all claims and cross-claims asserted against him, and the motion is unopposed. Neilson contends that, as a matter of law, he owed no duty to plaintiff with respect to the condition of the adjacent rooftop where the accident occurred, as he neither owned, possessed, controlled, nor maintained the neighboring premises or the ventilation shaft and skylight through which plaintiff fell. The record reflects that plaintiff was invited to a gathering at 185 Malcolm X and thereafter voluntarily traversed onto a neighboring rooftop before climbing onto an elevated skylight structure while admittedly intoxicated. Neilson argues that such conduct was independent, unforeseeable, and the sole proximate cause of plaintiff's injuries, and that there is no evidence that he created, had notice of, or was responsible for any alleged dangerous condition. Moreover, he maintains that nothing in the record demonstrates negligent hosting or any affirmative act on his part that directed or encouraged plaintiff to leave the party premises and enter the adjoining building's rooftop. Accordingly, Neilson asserts that plaintiff cannot establish the essential elements of negligence—duty, breach, or proximate cause—as against him, and that dismissal is warranted as a matter of law.

Plaintiff opposes both the Caesar/Frederick motion (Seq. 005) and the Desrosiers motion (Seq. 007), advancing substantially similar arguments in response to each. He maintains that all defendants bore some duty with respect to the roof area where the incident occurred and that material questions of fact preclude summary disposition. Plaintiff emphasizes that numerous individuals were present on the adjoining rooftops during the event and that attendees reasonably believed the area to be safe. In that context, he argues that it is inequitable to characterize him as a trespasser while attending a social gathering; at minimum, factual disputes exist as to whether he was a licensee and whether defendants had notice of the alleged hazard.

**156417/2017   SQUILLACE, DEVON vs. MBH 185 MALCOLM LLC**                          **Page 3 of 7**
**Motion No.  005 006 007 009**

3 of 7

Plaintiff incorporates his prior submissions and asserts that neither Caesar and Frederick nor Desrosiers has satisfied the requisite prima facie burden on summary judgment. He also addresses his own potential comparative negligence, but correctly observes—consistent with *Rodriguez v. City of New York*, 31 NY3d 312 (2018*)*—that issues of fault allocation are reserved for the jury and do not foreclose a determination of liability as a matter of law.

In Motion Sequence No. 007, Desrosiers similarly seeks dismissal of all claims, asserting that she had no connection to the party at 185 Malcolm or to the roof where the accident occurred. She contends that she neither owned nor managed 185 Malcolm and had no relationship with the tenant-hosts. Because the incident occurred on 181/183 Malcolm, she maintains that she bore no involvement with that property in 2017 and, consequently, owed plaintiff no duty of care. On that basis, she seeks dismissal of the complaint as against her (Her motion also seeks dismissal of cross-claims asserted against her by the tenants, though those claims are contingent upon any finding of liability).

In Motion Sequence No. 009, MBH moves separately for dismissal of all claims asserted against it. According to its motion papers, MBH owned only 185 Malcolm—the premises where the gathering originated—and had no role in creating or maintaining the alleged hazardous condition on 181/183 Malcolm. It therefore contends that it owed no duty to plaintiff once he ventured onto the adjacent rooftops. MBH additionally seeks dismissal of the tenants' cross-claims for indemnification and contribution, arguing that absent any negligence on its part, no derivative liability can attach.

The remaining parties vigorously contest these motions. MBH and the tenant-defendants oppose Desrosiers's application (Seq. 007), asserting that evidence in the record suggests she co-owned and managed 183 Malcolm and thus cannot disclaim potential responsibility at this stage. They further contend that questions concerning her role in the premises render summary judgment premature.

Plaintiff, for his part, opposes MBH's motion (Seq. 009), arguing that as owner of 185 Malcolm and host of the event, MBH bore responsibility to ensure the safety of areas foreseeably accessed by guests. He asserts that MBH failed to implement safeguards or provide warnings concerning the rooftop conditions and points to deposition testimony indicating that MBH was aware of both the gathering and the use of the rooftop space. In reply, MBH reiterates that any liability rests, if at all, with the tenants or with Caesar and Frederick, and maintains that the record contains no evidence of its own negligence.

## DISCUSSION

A motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the Court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William*

156417/2017   SQUILLACE, DEVON vs. MBH 185 MALCOLM LLC                    Page 4 of 7
Motion No.  005 006 007 009

4 of 7

*J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013][internal quotation marks and citation omitted]). Upon proffer of evidence establishing a *prima facie* case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to require a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010][internal quotation marks and citation omitted]). Once the movant makes that prima facie showing, the burden shifts to the non-movant to present "evidentiary facts" demonstrating a triable issue (*Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The court addresses each motion in turn.

## I.     Motion Seq. 005 (Caesar/Frederick)

Caesar and Frederick have demonstrated entitlement to judgment. Plaintiff's fall occurred on the roof of 181/183 Malcolm. Caesar and Frederick own 181 Malcolm only, and plaintiff was not invited or authorized to be on their roof. Under established New York law, they owed plaintiff at most the duty to avoid intentionally injuring him (*Basso*, 40 NY2d at 239). In *Basso*, the Court of Appeals explained that if a plaintiff is a trespasser, "as a matter of law… he cannot recover" absent willful harm. Here Caesar/Frederick did nothing willful or wanton to cause injury; they merely maintained their property. Moreover, the skylight structure was in plain sight. Even if plaintiff were considered a licensee (having been invited onto the party), the owner's duty is only to warn of hidden dangers that the licensee would not discover. No hidden trap existed – the skylight was visible and obvious. Having shown a lack of duty as a matter of law, the burden shifts to plaintiff, who has not raised a triable issue. He has submitted no evidence that Caesar or Frederick knew of the party or the defect, or that his presence on their roof was anything other than trespass. His argument rests solely on the bare fact of injury. Summary judgment is therefore warranted (*see Brill v. City of New York*, 2 NY3d 648, 650 [2004][granting summary judgment when movant's proof leaves no material fact in dispute]). The court therefore grants Seq. 005 and dismisses all claims against Caesar and Frederick.

## II.     Motion Seq. 006 (Neilson)

Neilson's motion is unopposed. However, the absence of opposition does not, standing alone, entitle the movant to judgment. It is well settled that a court may not grant summary judgment by default, but must determine whether the moving party has made a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Cugini v System Lbr. Co.*, 111 AD2d 114, 115 [1st Dept 1985]). Only upon such a showing does the burden shift to the opposing party to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Here, notwithstanding the lack of opposition, the court has independently reviewed the motion papers, including the pleadings, deposition transcripts, and documentary evidence submitted in support of the motion. The record demonstrates that Neilson neither owned, occupied, controlled, nor maintained the adjacent rooftop area or the ventilation shaft and skylight through

which plaintiff fell, and there is no evidence that he created, had actual or constructive notice of, or was otherwise responsible for any alleged dangerous condition. Moreover, the submissions establish that plaintiff's decision to traverse onto an adjoining rooftop and climb onto an elevated skylight structure was an independent and unforeseeable act, severing any causal nexus between Neilson and the occurrence.

Having satisfied his prima facie burden under CPLR § 3212, and in the absence of any evidentiary submission raising a triable issue of fact, dismissal of the claims and cross-claims asserted against Neilson is warranted. Accordingly, Neilson's motion is granted.

### III.    Motion Seq. 007 (Desrosiers)

Desrosiers's motion fails. She claims she had no duty because she was not involved in the 185 Malcolm party, but the record shows factual disputes. Desrosiers co-owns 183 Malcolm and was the manager of 183 and 185 Malcolm. There is evidence (MBH's verified statements and depositions) that she had property rights and obligations concerning the building where plaintiff fell. A reasonable jury could conclude that Desrosiers had notice of the roof conditions or even facilitated access. At best, Desrosiers is a stranger to the event at 185, but that does not automatically eliminate liability if plaintiff was ever on the 183 roof that she owned. Accordingly, she has not carried her prima facie burden of showing no duty or breach. Even crediting her claim of no involvement, the non-movants (MBH and plaintiff) point to conflicting evidence of ownership and management responsibilities. Because genuine issues of fact exist (e.g. Desrosiers's role in maintaining the premises and the nature of plaintiff's permission), summary judgment must be denied (*see Winegrad*, 64 NY2d at 853).

### IV.    Motion Seq. 009 (MBH)

MBH has demonstrated prima facie entitlement. MBH owned 185 Malcolm and did not own or control 181/183. Plaintiff accessed 185 by invitation but then ventured onto the adjacent roof without permission. On the record, MBH neither created nor concealed the hazard on 181/183. Again applying *Basso*, plaintiff was an undisputed trespasser on MBH's property at the time of injury (having left the invited premises). MBH owed him no duty beyond refraining from willful harm. There is no evidence MBH promised protection or that it undertook responsibility for other buildings' roofs. MBH's prima facie showing is akin to that of Caesar/Frederick, and the same analysis applies: the owner of a separate building where plaintiff only transiently appeared owes no affirmative duty. Plaintiff's opposition argues that MBH as landlord should have warned of dangers on the joined rooftops, but there is no basis for imposing liability for another structure's defect. Because MBH's evidence negates duty, the burden shifts to plaintiff, who has not created a triable issue. His submissions (EBTs and depositions) focus on MBH's rents and building plans, but do not show MBH had any duty on 181/183. The mere fact of injury at an affiliated roof does not make MBH negligent. Contributory fault aside, under *Basso* and related cases MBH is entitled to judgment[1] (*see Zuckerman v. City of New York*, 49 NY2d 557, 562-63 [1980]). Thus, MBH's motion is granted.

---

[1] Likewise, any cross-claims by tenants for indemnification or contribution similarly fail, since MBH's lack of fault is established.

**156417/2017   SQUILLACE, DEVON vs. MBH 185 MALCOLM LLC**
**Motion No.  005 006 007 009**

Page 6 of 7

6 of 7

[* 6]

Accordingly, it is hereby

ORDERED that Motion Sequence No. 005 by defendants Terrance Caesar and Debora Frederick is granted, and all claims and cross-claims asserted against defendants Terrance Caesar and Debora Frederick are dismissed; and it is further

ORDERED that Motion Sequence No. 006 by defendant Yan Neilson is granted, and all claims and cross-claims asserted against defendant Yan Neilson are dismissed; and it is further

ORDERED that Motion Sequence No. 007 by defendant Marjorie Desrosiers is denied in its entirety; and it is further

ORDERED that Motion Sequence No. 009 (incorrectly denominated in the motion papers as Motion Sequence No. 008) by defendant MBH 185 Malcolm LLC is granted, and all claims and cross-claims asserted against defendant MBH 185 Malcolm LLC are dismissed; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of defendants Terrance Caesar, Debora Frederick, Yan Neilson, and MBH 185 Malcolm LLC, dismissing the complaint and all cross-claims as against them, with costs and disbursements as taxed by the Clerk, and the Clerk shall amend the caption to remove said parties as a defendant in this action; and it is further

ORDERED that the prevailing parties shall serve a copy of this decision and order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and upon the General Clerk's Office (60 Centre Street, Room 119), in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, so that the court records may be appropriately marked; and it is further

ORDERED that upon such service, the Clerk of the Court is directed to enter judgment consistent herewith and to remove the dismissed parties from the caption; and it is further

ORDERED that the remaining parties shall appear for a pre-trial settlement conference on March 10, 2026, at 80 Centre Street, Room 308, at the previously designated time for oral argument on the motions (9:30 AM), at which time the court will address potential settlement and any remaining issues.

This constitutes the decision and order of the court.

| | | |
|---|---|---|
| __03/02/2026__ | | HASA A. KINGO, J.S.C. |
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**156417/2017   SQUILLACE, DEVON vs. MBH 185 MALCOLM LLC**
**Motion No.  005 006 007 009**

Page 7 of 7

[* 7]